UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>JEIMY RODRIGUEZ | No. 3:23-cr-105-6 (SRU) |

**MEMORANDUM OF DECISION REGARDING ORDER OF DETENTION**

On November 7, 2023, I held a bond hearing and hearing on the motions to review the United States Magistrate Judge's detention order and for bond that were submitted by the defendant, Jeimy Rodriguez. *See* Doc. No. 74; Doc. No. 79.

When reviewing a Magistrate Judge's order of detention, "a district court should fully reconsider a magistrate's denial of bail and . . . should . . . reach its own independent conclusion." *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). Accordingly, I weighed Rodriguez's interest in liberty against society's interest in his pretrial detention, as articulated by the statutory factors in 18 U.S.C. § 3142. After careful consideration of the evidence, including the parties' arguments and the testimony at the hearing, I **denied** Rodriguez's motions and ordered pretrial detention for Rodriguez. *See* Doc. No. 74; Doc. No. 79.

As I set forth on the record at the hearing, the rebuttable presumption of 18 U.S.C. § 3142(e)(3) applies because the offense for which Rodriguez was indicted is one for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. That rebuttable presumption is "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3).

In addition to applying the rebuttable presumption, I considered the factors set forth in 18 U.S.C. § 3142(g) and made findings of fact that were supported by clear and convincing evidence. As I explained on the record at the hearing, the following factors weighed in favor of Rodriguez's detention: Although many of Rodriguez's previous convictions are not serious, the most recent charges are substantially more serious, reflecting an escalation of Rodriguez's criminal conduct. Moreover, the most recent charges are supported by strong evidence—investigators found two firearms in Rodriguez's home, and the fentanyl and cocaine quantities in the instant charges are significant. Furthermore, the indictment under which Rodriguez and other alleged co-conspirators were charged includes multiple standalone charges directed specifically against Rodriguez and his alleged involvement in the conspiracy. *See* Doc. No. 17 (including, *inter alia*, three counts brought only against Rodriguez, Counts Two, Three, and Six). Additionally, Rodriguez has a history of failing to appear or otherwise violating court orders, including conditions of probation. Finally, Rodriguez's history of substance abuse, principally alcohol, also weighed in favor of detention.

In light of the evidence presented and the factors above, I also concluded that the bond package presented by Rodriguez was insufficient to assure his appearance in court or the safety of the community. Rodriguez may face a mandatory minimum term of incarceration, and therefore the incentive to flee is high. *See* 18 U.S.C. 3142(e)(3); 21 U.S.C. § 841(b)(1)(B)(vi).

I nevertheless informed the parties that because of Rodriguez's interest in liberty, I am prepared to bring this case to trial at the earliest opportunity such that, should Rodriguez prove his innocence, he may be released promptly.

It is so ordered.

Dated at Bridgeport, Connecticut, this 17th day of November 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge